Quintana & Borges, Plaintiff and Appellant, *v.* Rafael Porras
et al., Defendants and Appellees.

No. 5130.   Argued December 10, 1930.—Decided December 16, 1930.

*Angel Arroyo Rivera, E. Rincón Plumey* for appellant.   *L. Toro
Cabañas* and *Luis Ríos Algarín* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is an appeal from an order after judgment. As
appears from the opinion of the court below, the plaintiff
Quintana & Borges, a partnership firm, sought to enforce a
contract for the delivery of an automobile truck, and actually
attached the same. The theory of the action was that the
said truck belonged to Rafael Porras. In point of fact as
the opinion shows, the property belonged to Juana Martín
who had been living with Porras. The action against Rafael
Porras and Juana Martín failed because there had never
been a sale of the automobile truck.

After the judgment, Rafael Porras came into court and
asked that the automobile truck be returned to the defendants
and that damages be paid for its retention. The court below
ordered the return of the truck and also that the plaintiff
pay to the defendants the amount that they might claim in
the suit against the plaintiff in relation to said truck. The
order of the court was rendered ex parte. The plaintiff came
into court and for various reasons attempted to have the
order set aside, and the court refused. Appeal was taken.

One of the principal grounds of the appeal is that the

judgment itself decided that the property belonged to Juana Martín and not to Rafael Porras, and therefore the court had no authority to order the return. Thereupon it became necessary for us to examine the pleadings, to ascertain actually what was the relation between the parties. On examining the record, no copy of the complaint, of the answer, or of the attachment appeared. We are, therefore, without an adequate record with which to pass upon this and other questions raised by the appellant. The opinion and judgment of the court copied into the record are not sufficient antecedents.

However, if the record was sufficient and the opinion of the court alone could be relied on, nevertheless it was shown that the order merely required the return to the defendants. *Non constat* that the truck was or would be returned to Juana Martín.

We think the insufficient record applies to other assignments of error presented by the appellant. Without the record to show it, we can not say that a notice was necessary, and in any event the court heard appellant on the motion to set aside the order. We have had some doubt with regard to one matter, namely, that the court said that the defendants might recover against the plaintiff whatever might be awarded it in another action. This perhaps was beyond any conceivable jurisdiction of the court. Nevertheless, as in this regard the order was actually and substantially a nullity and could not bind the plaintiff in another action, the error, if any, was harmless.

The order will be affirmed.